IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas

APR 18 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| GUADALUPE MORAN, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. **B-99-007** |
| UNITED STATES BORDER PATROL, IMMIGRATION & NATURALIZATION SERVICE, and JORGE ALBERTO GONZALEZ, | ) |
| Defendants. | ) |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.  State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    Telephone conference held on April 12, 2000, with counsel for all parties participating. The discussion included matters related to this plan.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    NONE.

3.  Specify the allegation of federal jurisdiction.

    The Court has jurisdiction over the lawsuit according top 28 U.S.C. § 2671, et seq. because this is a suit under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

4.  Name the parties who disagree and the reasons.

    NONE.

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    NONE.

    6. List anticipated interventions.

NONE.

7. Describe class-action issues.

NONE.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Initial disclosures pursuant to FRCP Rule 26(a)(1) are anticipated to be made within 30 days after the initial pretrial conference.

9. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

Initial disclosures to be exchanged within 30 days of this Joint Discovery / Case Management Plan. Discovery is necessary on both issues of liability and damages. Discovery is expected to be completed within 240 days of this Joint Discovery / Case Management Plan

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiffs anticipate sending interrogatories to Defendants, if necessary, within 45 days of this Joint Discovery / Case Management Plan.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending interrogatories to Plaintiff, if necessary, within 45 days of this Joint Discovery / Case Management Plan.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking, as necessary, the oral depositions of witnesses within 120 days of this Joint Discovery / Case Management Plan.

E. Of whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking, as necessary, the oral depositions of witnesses within 120 days of this Joint Discovery / Case Management Plan.

ClibPDF - www.fastio.com

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        Plaintiff anticipates designating, as necessary, experts within 90 days, and provide any reports within 90 days of this Joint Discovery / Case Management Plan. Defendant anticipates designating responsive experts, as necessary, within 30 days of the deposition of Plaintiff's experts, and provide any reports within 30 days of the deposition of Plaintiff's experts.

    G.    List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Plaintiff anticipates taking, as necessary, the depositions of Defendant's designated experts within 60 days of their disclosure with reports.

    H.    List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

        Defendant anticipates taking, as necessary, the depositions of Plaintiff's designated experts within 60 days of their disclosure with reports.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

    The parties are in agreement.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

    NONE.

12.    State the date the planned discovery can reasonably be completed.

    The parties anticipate completing all discovery within 240 days of this Joint Discovery / Case Management Plan.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    The parties have discussed the possibility of a prompt settlement of this case, but factual disputes may required resolution or examination prior to any possible settlement. Upon completion of some discovery and perhaps an independent medical examination of Plaintiff, the parties have agreed to discuss the possibility of settlement in detail.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Prior to filing suit, the parties discussed settlement at the administrative level, although they were unable to reach any agreement. Since suit was filed, the parties have discussed the case, including the possibility of a settlement or other resolution.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    The parties agree to explore the use of mediation after the completion of initial discovery.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are agreeable to trial of this case before a Magistrate Judge.

17. State whether a jury demand has been made and if it was made on time.

    Pursuant to the Federal Tort Claims Act, a jury trial is not permitted. 28 U.S.C. § 2402. The Plaintiff made a timely jury demand.

18. Specify the number of hours it will take to present the evidence in this case.

    It should not take more than 10 hours to present all the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Defendant's FRCP Rule 12(b) Motion to Dismiss for failure to file and serve the present Complaint within the Federal Tort Claims Act's six month statute of limitations following the notification of the Immigration and Naturalization Service's final administrative denial. 28 U.S.C. §2401(b).

20. List other pending motions.

    NONE.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    NONE.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

    A. <u>Plaintiff</u>:

        Richard J.W. Nunez
        Texas Bar No. 15134600
        Federal I.D. #1049
        144 E. Price Road
        Brownsville, TX 78521
        956.541.8502
        956.541.8623 (fax)

    B. <u>Defendants</u>:

        Jose Vela Jr.
        Assistant United States Attorney
        Illinois Bar No. 6210323
        1701 W. Hwy. 83, Suite 600
        McAllen, Texas 78501
        (956) 618-8010
        (956) 618-8016 (fax)

Respectfully submitted,

_/s/ Richard J.W. Nunez_

Richard J.W. Nunez
144 E. Price Road
Brownsville, TX 78521
956.541.8502
956.541.8623 (fax)
Texas Bar No. 15134600
Federal I.D. #1049

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

BY: _/s/ Jose Vela Jr._

Jose Vela Jr.
Assistant United States Attorney
1701 W. Highway 83, Suite #600
McAllen, Texas 78501
(956) 618-8010
(956) 618-8016 (fax)
IL # 6210323